## ASSIGNMENT AGREEMENT

The parties to this assignment agreement are Jesus Camacho, individually, and LeJean Nichols, as Administratrix of the Estate of Stacey Camacho (hereinafter collectively referred to as "CAMACHO") and Seung C. Park (hereinafter referred to as "PARK").

WHEREAS in 2005, PARK paid money to Nationwide Mutual Insurance Company (hereinafter "Nationwide") in exchange for $100,000 of automobile liability insurance, which applied to any covered automobile accident where PARK was legally at fault for causing damages to another, and

WHEREAS the insurance policy that PARK purchased from Nationwide required Park to surrender his right to make settlement decisions to Nationwide, should any claims covered by the policy be made against PARK, and

WHEREAS on or about July 3, 2005, a covered automobile accident did occur in which PARK was legally at fault for caused catastrophic damages to CAMACHO, and

WHEREAS CAMACHO did present a claim to Nationwide but offered to forego litigation by settling all claims against PARK for the $100,000 of liability insurance Park had purchased from Nationwide, and

WHEREAS Nationwide, which had the right to accept or reject the settlement offer, rejected the settlement offer of CAMACHO, and

WHEREAS if Nationwide had settled the claim, CAMACHO could have received closure, concluding all claims against PARK without further litigation against PARK, and

WHEREAS if Nationwide had settled the claim, PARK would have had no additional liability to CAMACHO, and

WHEREAS, instead of being settled by Nationwide, the claims of CAMACHO were instead litigated to a Final Judgment in the total amount of $5,830,000.00 against PARK in favor of CAMACHO in Fulton County, Case Number 06-EV-000714D, and then appealed unsuccessfully at the direction of Nationwide, and

WHEREAS PARK believes the Final Judgment against him resulted from Nationwide's negligence and/or bad faith in failing to settle the claims of CAMACHO for the amount of his liability insurance when Nationwide had the opportunity to do so, and

# EXHIBIT B

WHEREAS PARK would himself file and bring a lawsuit against Nationwide for its failure to settle the claims of CAMACHO within his insurance limit when the opportunity was provided if PARK was not presently concerned that an additional consequence of the automobile accident may be that he is deported from the United States, where his wife and daughter will remain without him, and

WHEREAS PARK will bear the punishment he receives, including deportation if it is ordered, PARK believes Nationwide should not benefit from his deportation by not being held accountable for failing to honor their legal obligations under the insurance policy PARK purchased, and

WHEREAS PARK is willing to assign to someone his rights and claims against Nationwide and the claims professionals it hired to ensure Nationwide is held accountable, and

WHEREAS regardless of PARK's circumstances or his beliefs about Nationwide, CAMACHO has the right to execute on the Final Judgment against PARK, using all lawful means to collect from all persons and available sources which hold assets of PARK, but

WHEREAS CAMACHO is willing to temporarily forego such efforts against PARK in exchange for an assignment of PARK's rights and claims against Nationwide,

NOW THEREFORE, based upon the premises set forth above:

1. PARK does hereby assign to CAMACHO all of PARK's assignable rights and claims against Nationwide or any claims professionals hired by Nationwide, including all rights and claims PARK has against NATIONWIDE for failing to settle the claims of CAMACHO. PARK also hereby waives both his attorney-client privilege and the protection provided by the work-product doctrine as to all records, activities, communications, and thoughts in the possession of Nationwide or law firm(s) Nationwide hired. He grants CAMACHO and CAMACHO's lawyers full authority and permission to review all records, files, and communications in the possession of Nationwide or the law firm(s) Nationwide hired. PARK also grants CAMACHO and CAMACHO's lawyers full authority to interview all claims professionals at Nationwide and the law firm(s) Nationwide hired. PARK hereby directs Nationwide and law firm(s) Nationwide hired to fully comply with all requests made by CAMACHO and its lawyers.

2. In exchange, CAMACHO grants PARK a temporary stay of execution on the Final Judgment for a period of five years from the date of this agreement. For five years following the date of this agreement, CAMACHO will not pursue collection of the FINAL JUDGMENT from any persons or available sources holding assets of PARK, including PARK's wife and daughter, and will take no steps to enforce the Final Judgment against the personal assets or future income of PARK or his family.

3. If for any reason this agreement is not approved by any Court or is construed by a Court so as to limit CAMACHO's ability to prosecute a lawsuit on behalf of PARK, as his assignee, or is otherwise limits the accomplishment of the intent of the parties hereto, then, at the election of CAMACHO, the protection given to PARK in this agreement may be withdrawn, notwithstanding the remainder of the agreement.

4. The parties agree to sign any additional documents which may be reasonably necessary to accomplish the intent of this agreement.

5. The parties stipulate that Georgia law shall apply to the interpretation and/or enforcement of this agreement.

6. This agreement is binding on the parties, their guardians, heirs, executors, administrators, estates, personal representatives, trustees in bankruptcy, and successors in interest.

_____
SEUNG C. PARK

Date Jun -13-11

_____
JESUS CAMACHO

Date 06/28/11

Sharon Park (witness)

_____

_____
LeJEAN NICHOLS, as Administratrix of
the Estate of Stacey Camacho

Date 6/28/11